UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20547-WILLIAMS/LETT

18 U.S.C. § 2261A(2)(A)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 924(d)(1)

UNITED STATES OF AMERICA

vs.

RASHAWN NOEL,
MARK-SIMON LOUMA, and
JUDE TIMOTHE,

**Defendants.**
_____/

FILED BY ___BM___ D.C.

Dec 18, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Stalking
### 18 U.S.C. § 2261A

Beginning from in or around October 27, 2025, the exact date being unknown to the Grand Jury, and continuing through on or about December 12, 2025, in Miami-Dade and Broward Counties, in the Southern District of Florida and elsewhere, the defendants,

**RASHAWN NOEL,
MARK-SIMON LOUMA, and
JUDE TIMOTHE,**

did, with the intent to kill, injure, intimidate, and place under surveillance with intent to kill, injure, and intimidate another person, that is, Victim 1, use any interactive computer service and electronic

communication service and electronic communication system and any other facility of interstate and foreign commerce to engage in a course of conduct that placed that person in reasonable fear of death and serious bodily injury, in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2.

Pursuant to Title 18, United States Code, Section 2261(b)(3), it is further alleged that the defendants used a dangerous weapon during the offense.

## COUNT 2
### Possession of a Firearm in Furtherance of a Crime of Violence
### 18 U.S.C. § 924(c)(1)(A)

On or about December 12, 2025, in Miami-Dade and Broward Counties, in the Southern District of Florida, the defendants,

**RASHAWN NOEL,
MARK-SIMON LOUMA, and
JUDE TIMOTHE,**

did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 2261A(2)(A), in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **RASHAWN NOEL, MARK-SIMON LOUMA, and JUDE TIMOTHE** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 2261A, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3. Upon conviction of a violation of Title 18, United States Code, Section 924, or any violation of any other criminal law of the United States, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm and/or ammunition involved in or used in such violation.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 924(d)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

*[signed] Yisel Valdes FOR*
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

*[signed]*
BRIAN DOBBINS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-20547-WILLIAMS/LETT

v.

RASHAWN NOEL, et al.,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendants.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [x] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  [x] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V  [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Lauren Fleischer Louis   Magistrate Case No. 25-mj-04411-LFL
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of December 15, 2025
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Brian Dobbins
Assistant United States Attorney
SDFL Court ID No. A5501182

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: RASHAWN NOEL

**Case No**: _____

Count #: 1

Stalking

Title 18, United States Code, Section 2261A(2)(A)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years (consecutive to any other sentence imposed)
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MARK-SIMON LOUMA

**Case No**: _____

Count #: 1

Stalking

Title 18, United States Code, Section 2261A(2)(A)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years (consecutive to any other sentence imposed)
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

*Refers only to possible **term of incarceration**, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** JUDE TIMOTHE

**Case No:** _____

Count #: 1

Stalking

Title 18, United States Code, Section 2261A(2)(A)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years (consecutive to any other sentence imposed)
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.